HEARD APRIL TERM, 1872.

## McCord *vs.* McCord.

Where a vendor of land remains in possession after the conveyance, his declarations made during the continuance of such possession may be given in evidence against the vendee for the purpose of showing that the conveyance was made to defraud his creditors.

BEFORE ORR, J., AT ABBEVILLE,        TERM, 1871.

The appeal was heard upon the following case and exception :

The action was to recover a tract of land against the defendants, with damages for use. The plaintiff claimed to recover under a sale made by the Sheriff of Abbeville County, on salesday of March, 1870, at which the land was bid off by the plaintiff for the sum of thirty-six dollars, (the sale by the Sheriff having been forbidden by the defendant, John Augustus McCord,) and received from the Sheriff a deed, bearing date 24th March, 1870, of the the said land.

One of the defendants, John A. McCord, claimed under a conveyance made to him by his father and co-defendant, John R. McCord, bearing date the 11th day of February, 1868, and professing to be for a valuable consideration.

The plaintiff was a creditor of John R. McCord, and his surety on the debt upon which the judgment was obtained, under which the land was sold, and these were subsisting debts at the date of the conveyance of John R. to his son, John A. McCord.

It was proved that John R. and his family continued in possession of the dwelling house and appurtenances after the sale to John A.; and up to April, 1871, the son continued to reside with his parents as he had always done. But John R. McCord ceased to cultivate the land, and worked in the country at his trade more constantly than before. The land was cultivated by John A. McCord after the sale.

The declarations of John R. McCord, made *before* the sale, that he intended to convey the land to his son, to defeat the Gordon debt, (the debt under which the land was sold by the Sheriff, when plaintiff bought,) was also proved.

The son had no separate estate, and only attained his majority in April, 1865. He went to school most of the year 1866, and in the spring of 1867 claimed to have made and loaned his father nearly nine hundred dollars; of which sum five hundred dollars was

36

claimed to have been realized from sales of four bales of cotton, raised upon the farm of his father in the year 1866, by the labor of a colored woman, and with the work which he occasionally rendered. The father and family occupied the premises when the action was brought in May, 1870.

The facts proved showed, *prima facie*, the collusion of John R. and John A. McCord, to defraud the creditors of John R., and the deed being assailed by the plaintiff as fraudulent as to subsisting creditors, the subsequent declarations of John R., that "he had conveyed the land to his son, to defeat the Gordon debt, and to retain a home for himself for life," were received and excepted to by defendant, John A. McCord.

EXCEPTION.—Because the Judge, after objection made, admitted the declarations of John R. McCord, after the deed of 11th day of February, 1868, was made, to affect the rights of the said John Augustus McCord.

*Thomson*, for appellants :

" The declarations of parties in possession may be given in evidence against their subsequent grantees, but in no case have declarations made after a sale or conveyance been permitted to be given in evidence."—Mr. Justice O'Neall, in *Renwick* vs. *Renwick*, 9 Rich., 53 ; *Kittles* vs. *Kittles*, 4 Rich., 422. The reason is given by Ch. Dargan, (*Head* vs. *Halford*, 5 Rich. Eq., 137,) "It is the admission of a party who has no interest in the subject-matter."

For the purpose of proving that an assignment has been made to defraud creditors, the declarations of the party at the time of his signing and executing the instrument, are admissible, in evidence, as part of the transaction against the party claiming under him; but declarations made at any other time cannot be received.—4 Phil. Ev., 385 ; *Phillips* vs. *Eamer*, 1 Esp. N. P. C., 357 ; *Pen* vs. *Scholey*, 5 Esp. N. P. C., 243.

*McGowan, Perrin & Cothran*, contra.

The declaration of the father, John R. McCord, after the date of the conveyance to his son, John A. McCord, was properly admitted, for three reasons.

1. John R. McCord, father, and John A. McCord, son, were both defendants on the record. Admissions made *ante motem litem* by *parties to the suit*, against their interest, are admissible.—1 Green. Ev., § 171–2.

2. The question was as *to the existence of a legal sale or conveyance.* After *prima facie* case of combination and fraud shown, declarations of either party admissible. After collusion and conspiracy shown, the declarations of one are the declarations of both.—*Alexander* vs. *Gould*, 1 Mass., 166 ; 3 Phil. on Ev., 222, and Notes ; *Richard* vs. *Curtator*, 5 Bin., 109 ; 1 Phil. Ev., 199.

3. John R., the father, *remained in possession* after pretended sale to John A., the son. *Was in possession* when declarations made and when action brought. The declarations of a person *in possession of land* as to title, are admissible against him and all persons claiming under him.—*Jackson* vs. *Bord*, 4 John., 230 ; 1 Phil. on Ev., 196, 197. A *majority* of the cases are peculiarly strong that declarations of *a debtor who continues in possession after a transfer, showing fraud in the transfer,* are evidence against the vendee in a contest with a creditor."—3 Phil. on Ev., 222, and Notes; 1 Phil. Ev., 197.

Oct. 22, 1872. The opinion of the Court was delivered by

WILLARD, A. J. The question in this case is whether the declarations of a vendor of land, remaining in possession after a conveyance thereof, are competent evidence against the vendor in an action by a third party impeaching such conveyance for fraud. The mere question of competency is all that is presented. If, then, it appears that the evidence admitted is either sufficient in itself to support any material averment, pertinent to the issue, or appears to constitute part of a chain of facts material for such purpose, the evidence was properly admitted.

It was certainly material to the question to show that after conveyance the vendor continued to assert ownership, and that the vendee assented to such assertion. The first of these facts, namely, the assertion of continued ownership on the part of the vendor, could properly be shown by his declarations accompanying his possession of the land. The right of the plaintiff to introduce these declarations did not depend on ability to connect the vendee with such assertion, for the proof of assertion is the foundation on which the proof of acquiesence would ordinarily rest. *Kittles* vs. *Kittles*, 4 Rich., 422, and *Renwick* vs. *Renwick*, 9 Rich., 50, do not conflict with this view. The question considered in these cases was whether the declarations of a vendor, after parting with possession, are admissible to impeach his deed. It is true that these cases speak of declarations after conveyance, and do not distinctly mention the

fact of a transfer of possession, but as continued possession was not alluded to, it is evident that the Court used the expression conveyance as including a transfer of possession.

In the present case, the declaration must be regarded as forming part of the *res gestœ*, for the allegation of fraud covered not only the act of conveyance, but the whole time of fraudulent holding under the cover of such conveyance. Although a fraudulent intent, as affecting parties united in interest, cannot be established by proof of a fraudulent intent on the part of one of the parties alone, yet the fraudulent intent of each may be the subject of separate proof. The statement that the deed was intended to defraud creditors is not simply a declaration as to the intent of a past transaction, but is to be regarded as a declaration concerning the right by which the vendor held the land at the time of making such declaration, and, as the declaration of a present intent and purpose, is within the reason of the rule as to proof of the *res gestœ*.

*Wright*, A. J., concurred.　*Moses*, C. J., absent at the hearing.